USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUIS DAVILA,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

16 CV 4968 (CM)
11 CR 691-01 (CM)

ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, C.J.:

On April 30, 2012, Davila pleaded guilty, pursuant to a plea agreement, to a two-count information. Count One charged him with Hobbs Act robbery in violation of Title 18, United States Code, Section 1951. Count Two charged him with using and carrying a firearm during and relation to a crime of violence, namely the Hobbs Act robbery charged in Count One, in violation of Title 18 United States Code, § 924(c)(1)(A)(i). Davila admitted during his guilty plea proceeding that he walked into the grocery store with a firearm, "brandished it[,] and . . . demanded money." (4/30/12 Plea Transcript at 12). On November 20, 2012, this Court sentenced Davila to time served on Count One, and sixty months' imprisonment on Count Two.

On June 24, 2016, Mr. Davila filed this motion under Title 28, United States Code, §2255. Davila contends that his conviction on Count Two should be vacated because Hobbs Act robbery does not qualify as a crime of violence under § 924(c) after the Supreme Court's decisions in *United States v. Johnson*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). On June 24, 2016, this Court held the motion in abeyance pending further decisions by the Court of Appeals. On February 4, 2019, this Court ordered the Government to

1

respond to the Motion. On February 22, 2019, the Government filed its response. (ECF No. 36.) On July 1, 2019, this Court ordered the Government to file an updated response to the Motion, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B) is unconstitutionally vague.

<u>Hobbs Act Robbery is a Crime of Violence</u>

A defendant is guilty of violating Section 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause"), or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "risk-of-force clause"). *Id.*; § 924(c)(3)(A), (B).

In *Davis*, the Supreme Court held that Section 924(c)(3)(B)'s risk-of-force clause is unconstitutionally vague, in-light-of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Davis*, 139 S. Ct. 2319 at 2325-27, 2336. The *Davis* Court rejected the contention that Section 924(c)(3)(B)'s vagueness concerns could be avoided by applying the statute to a defendant's case-specific conduct with a jury making the requisite findings about the nature of the predicate offense and the attendant risk of physical force being used in its commission. *Id.* at 2334-36. Rather, *Davis* held that the categorical approach applied in which courts "had to disregard how the defendant actually committed his crime" and "imagine the idealized ordinary case of the defendant's crime." *Id.* at 2336 (internal quotation marks and citation omitted).

2

However, in neither *Davis*, nor *Dimaya*, nor *Johnson* did the Court suggest that the language of the force clause appearing in the statutes under consideration—Section 924(c), Section 16, or the Armed Career Criminal Act, respectively—was suspect. Nor could such a suggestion be made about § 924(c)'s force clause, which the Second Circuit recently reconfirmed covers the predicate crime in this case: Hobbs Act robbery. *See Hill*, 890 F.3d at 56-60. The *Hill* Court explained that, using the so-called "categorical" approach, Title 18, United States Code, § 1951(b)(1)'s requirement that the defendant commit robbery by means of "actual or threatened force," "violence," or "fear of injury" qualifies the offense as one which has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Hill*, 890 F.3d at 57-60.

In reaching this conclusion, the Second Circuit joined every other Court of Appeals to have considered the question. *See, e.g., United States v. Garcia-Ortiz*, 904 F.3d 102, 106-09 (1st Cir. 2018); *United States v. Robinson*, 844 F.3d 137, 141-44 (3d Cir. 2016); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017), *vacated on other grounds sub. nom., Anglin v. United States*, 138 S. Ct. 126 (2017) (mem.); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 467-68 (9th Cir. 2016); *United States v. Melgar- Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir. 2018); *In re Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). And, on January 7, 2019, the Supreme Court denied certiorari in *Hill*. 139 S. Ct. 844 (2019) (mem.).

Accordingly, Hobbs Act robbery is a crime of violence under § 924(c).

Davila's Motion is Denied.

3

Because the Petitioner has not made a substantial showing of denial of a constitutional right, a certification of appealability will not issue. *United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997). The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from an order denying Davila's motion would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 (1962).

This constitutes the decision and order of the Court.

Dated: December 3, 2019

_____
Chief Judge

BY ECF TO ALL PARTIES